## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| MORGAN AIKEN III,<br><br>                       Plaintiff,<br><br>     vs.<br><br>CATHERINE M.R. CASTRO and EDWARD CASTRO,<br><br>                     Defendants. | **Superior Court Case No. CV0084-19**<br><br><br>**DECISION AND ORDER RE DEFENDANTS' MOTION TO COMPEL** |

This matter came before the Court on Defendants Catherine M.R. Castro and Edward Castro's Motion to Compel. Plaintiff Morgan Aiken III filed a "Submission" in response to the Castros' Motion, but not an Opposition. Submission (Apr. 24, 2020). Having considered the parties' arguments, filings, and applicable law, the Court GRANTS the Castros' Motion.

Under Guam Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter." Required disclosures include the identity and location of persons a disclosing party may use to support its claims or defenses knowledge of a party's claims and defenses. GRCP 26(a)(1)(A). They also include "a copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses...." GRCP

ORIGINAL



26(a)(1)(B). "[A]n evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer, or respond." GRCP 37(a)(3).

The Castros ask the Court to compel Aiken to fully and completely respond to their First Set of Interrogatories. Mot. Compel (Apr. 20, 2020). Interrogatories Nos. 1 and 2 request Aiken's address and his employer's address, respectively. Decl. Counsel, Ex. 2 (Apr. 20, 2020). Interrogatories Nos. 3 through 7 expressly request information and evidence supporting Aiken's claims and defenses. *Id.* Aiken justified giving incomplete responses due to "security reasons" and because "[t]he information requested is already provided in Plaintiff's complaint." Submission at 1.

Finding that the Castros ask for discoverable information and that Aiken's failure to respond appropriately is not justified, the Court GRANTS their Motion and ORDERS Aiken to disclose to the Castros the information requested in Interrogatories Nos. 1 through 7 fully and completely by July 7, 2020, the day prior to the Pretrial Conference.[1] If Aiken fails to disclose the requested information, the Court may consider ordering that he cannot use as evidence at trial any witness or information he does not disclose, among other sanctions. GRCP 37(c)(1).

Because the Court grants the Castros' motion, the Guam Rules of Civil Procedure mandate that Aiken pay the Castros' attorney costs and fees "unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust." GRCP 37(a)(4)(A); *see also* CVR 37.1(a). The Supreme Court of the United States recognized

---

[1] The Court declines to address Aiken's argument that responding to Interrogatories Nos. 1 and 2 poses a security risk because he provides no explanation or legal precedent to support his argument.



"substantially justified" within the context of Federal Rule of Civil Procedure 37(a)(4) and the Equal Access to Justice Act to be "satisfied if there is a 'genuine dispute,'...or 'if reasonable people could differ as to [the appropriateness of the contested action]...'" *Pierce v. Underwood*, 487 U.S. 552, 108 (1988) (internal citations omitted). Finally, a litigant's pro se status does not absolve him from sanctions under Rule 37(a)(4). *Holder v. Gienapp*, No. CIV. 06-CV-221-JD, 2007 WL 1726575, at *1 (D.N.H. June 13, 2007).

Having reviewed the Castros' counsel's declaration of non-cooperation and the letter she sent to Aiken following his reponse to the Interrogatories, the Court finds that the Castros made a good faith effort to obtain discovery without court action. Aiken's response to the Interrogatories was incomplete, lacked justification, and Aiken's "Submission" fails to argue that an award of expenses would be unjust. Accordingly, the Castros' request for attorney fees and costs is GRANTED.

In conclusion, the Court GRANTS the Castros' Motion to Compel and ORDERS Aiken to respond to their Interrogatories by July 7, 2020. The Castros may file a statement of attorney costs and fees no later than 14 days of this Order.

SO ORDERED this 1st day of July 2020.

_____
**HON. ELYZE M. IRIARTE**
**Judge, Superior Court of Guam**

Appearing Parties:
Morgan Aiken III, *pro se*
Minakshi V. Hemlani, Law Offices of Minakshi V. Hemlani, P.C., for Defendants Catherine M.R.
     Castro and Edward Castro

